# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50281 | **DATE** | 1/21/2003 |
| **CASE TITLE** | Ostrowski vs. Holem | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, the McHenry County State's Attorney's ("MCSA") Motion to Quash Plaintiff's subpoena is granted in part and denied in part. The MCSA is ordered to turn over to Plaintiffs the entire prosecutorial file of Mr. Ostrowski excluding police reports and pleadings not already in the file. The Magistrate Judge orders the MCSA to disclose all notes, analyses, computer generated criminal history records, memoranda (including the two letters), and commuications with complaining witnesses, the police, and defendants within a reasonable time.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | | |
| | No notices required. | | | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 21 2002 | | | |
| | Notified counsel by telephone. | | date docketed | | | |
| | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | CLERK, U.S. DISTRICT COURT | docketing deputy initials | | | |
| | Copy to judge/magistrate judge. | | 1/21/2003 | | | |
| | | 03 JAN 21 PM 2:11 | date mailed notice | | | |
| sp | courtroom deputy's initials | FILED-WD | sp7 | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| JUDY OSTROWSKI and GARY OSTROWSKI, ) ) ) | |
| Plaintiff, ) | Case No. 02 C 50281 |
| ) | |
| v. ) | Philip G. Reinhard |
| ) | P. Michael Mahoney |
| SGT. DAVID HOLEM, OFFICER SHEILA ) OSBORN, OFFICER BRIAN QUILICI, ) Individually, and the VILLAGE OF SPRING ) GROVE, ) | |
| ) | |
| Defendant. ) | |

### Memorandum Opinion and Order

The McHenry County State's Attorney ("MCSA") has objected to the discovery requests of

Judy Ostrowski ("Ms. Ostrowski") and Gary Ostrowski ("Mr. Ostrowski")(collectively "Plaintiffs").

The MCSA has moved to quash a subpoena seeking the prosecutorial file of Mr. Ostrowski and the

Plaintiffs have cross-moved to compel the request. For the reasons set forth below, the MCSA's

Motion to Quash is granted in part and denied in part.

### Background

This case arises out of the arrest of Ms. Ostrowski and an altercation between Mr. Ostrowski

and the Spring Grove police. On December 9, 2000, while passing through Spring Grove in their

car, Plaintiffs were both arrested. (Compl. at 2). Ms. Ostrowski was arrested for driving under the

influence of alcohol, while Mr. Ostrowski was arrested for numerous criminal charges relating to

his altercation with police as a result of his wife being arrested. (Compl. at 2-3). The MCSA

brought charges against Mr. Ostrowski, but ultimately the charges were dropped by the MCSA. On

July 17, 2002, Plaintiffs filed a seven count complaint pursuant to 42 U.S.C §1983 and §1988 with

jurisdiction based on 29 U.S.C. §1331 and §1343, alleging false arrest of Plaintiff Ms. Ostrowski, excessive force towards Mr. Ostrowski, false arrest of Mr. Ostrowski, custom and policy of Spring Grove, malicious prosecution of Mr. Ostrowski, battery of Mr. Ostrowski, and Respondent Superior. (Compl. at 1-7).

On October 24, 2002, the MCSA's office, after receiving a subpoena issued by Plaintiffs requesting the complete prosecution file, file jacket, witness statements, picture, and correspondence, filed an Objection and Motion to Quash ("Motion to Quash"). On November 4, 2002, Plaintiff filed a Motion to Compel and Request for Sanctions ("Motion to Compel") against the MCSA office. Additionally, on November 25, 2002, Plaintiffs filed Plaintiffs' Response to Gary Pack, McHenry Count State's Attorney's Objection and Motion to Quash ("Plaintiffs' Response"). The MCSA filed their Reply of McHenry Count State's Attorney ("MCSA's Reply") on December 4, 2002. The Magistrate Judge ordered an *in camera* inspection of the complete prosecution file on January 7, 2003.

## Discussion

The MCSA has asserted three objections in support of its Motion to Quash and its contention that the items sought by Plaintiffs are not discoverable.

### 1. Law Enforcement Privilege

Although not specifically termed as law enforcement privilege by the MCSA, the MCSA asserts that communications made to the MCSA are privileged communications because the MCSA "has the public policy of not disclosing communications with complaining witnesses, the police, defendants, and informers in order to encourage the free flow of information between prosecutors and the citizens, and to aid in the prosecution of criminal cases ... ." (Mot. to Quash at 1). In

2

support of this, the MCSA cites *Vogel v. Gruaz*, 110 U.S. 311, 4 S. Ct. 12 (1884), as holding that communications between the prosecutor and a complaining witness are protected by an absolute privilege. 110 U.S. at 314, 4 S. Ct. at 14.

Although never overruled, *Vogel* is by no means the current trend in the law. Generally, privileges are strongly disfavored because they are in derogation of the search for truth. *See United States v. Nixon*, 418 U.S. 683, 710 (1974). As such, privilege objections are narrowly construed. *See* 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2024, at 222-24 (2d ed. 1994). Rather than an absolute privilege, the law enforcement privilege is a qualified common law privilege incorporated under Fed. R. Civ. P. 26(b) whereby the Magistrate Judge must balance the need for secrecy against Plaintiffs needs for access to the information.[1] *See Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041, at *3 (N.D. Ill. Nov. 13, 1997); 6 *Moore's Federal Practice*, §26.48[3] (Matthew Bender 3d. ed. 2002). The purpose of the law enforcement privilege is to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Id.*

---

[1] The factors to be considered when balancing the law enforcement privilege include: (1) whether disclosure will thwart governmental process by discouraging citizens from giving the government information; (2) the impact on persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and improvement will be chilled; (4) whether the information is factual or evaluative; (5) whether the party seeking discovery is an actual or potential defendant in any criminal preceding pending or likely to follow; (6) whether the police investigation has been completed; (7) whether any interdepartment proceedings have or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery; and (10) the importance of the information sought to the plaintiff's case. *Kampinen v. Individuals of Chicago Police Department*, No 00. C 5867, 2002 WL 238443, at *4 (N.D. Ill. Feb. 19, 2002)(*quoting Friedman v Bache Halsey Stuart Shields Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984).

(*quoting In re Dept. of Investigation of City of New York*, 856 F.2d 481, 485 (2d Cir. 1988)).

However, before ruling on the privilege, the Magistrate Judge must determine if the MCSA has properly raised the law enforcement privilege. To assert the privilege, "the responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege. *See United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981); *see also Hernandez*, 1997 WL 754041, at *4; *Pontarelli Limousine, Inc. v. City of Chicago*, 652 F. Supp. 1428, 1431 (N.D. Ill. 1987). The MCSA has clearly not complied with these requirements. Even assuming the MCSA's brief can be considered a formal assertion, the MCSA has failed to provide a responsible official who has made a determination that the privilege is applicable. *See Hernandez*, 1997 WL 754041, at *4 ("Even if WCSA's brief on this motion is considered a formal assertion of privilege, there is no indication that a responsible official made the determination that the privilege is applicable in this case."); *Pontarelli Limousine*, 652 F. Supp. at 1431 ("[T]he responsible official, in this case the U.S. Attorney, must submit an affidavit stating that he has personally inspected the requested items and believes that they fall within the privilege.") Even more problematic, the MCSA has failed to provide, with any particularity, the information for which protection is sought. Rather, the MCSA has made a "sweeping generalization" as to all communications made to the MCSA. *Hernandez*, 1997 WL 754041, at *4 ("WSCA has merely provided the Court with sweeping generalizations as to the public interest in maintaining the confidentiality of these criminal files."); *Pontarelli Limousine*, 852 F. Supp. at 1431-32 ("The United States, far from explaining how each category contains privileged matters, merely claims protection as to them all without distinction.")

4

Even assuming the MCSA properly invoked the law enforcement privilege, the MCSA would still not prevail. Taking into consideration the ten factors used in evaluating a claim of law enforcement privilege, the Magistrate Judge finds the needs of Plaintiffs to outweigh those of the MCSA. First, the underlying criminal case against Mr. Ostrowski is closed and there is no indication from the MCSA that the criminal case is still being investigated or even possibly reinstated. Rather, as apparent from the criminal file, the charges have been dismissed. Additionally, the Magistrate Judge's *in camera* inspection of the materials provided by the MCSA reveals that the information contained therein is relevant and intertwined with Mr. Ostrowski's claim of malicious prosecution. Therefore, because the MCSA has failed to properly invoke the law enforcement privilege and, even if properly invoked, the needs of the Plaintiffs outweigh the burden on the MCSA, the MCSA's Motion to Quash, as to communications with complaining witnesses, the police, defendants, and informers, is denied.

## 2. Work Product Privilege

With regards to hand written notes, analyses, computer generated criminal history records and memoranda (including two letters in the file from the Spring Grove city attorney), the MCSA asserts a work product privilege objection. The MCSA believes that allowing the disclosure of these items would put a "chilling effect" on the prosecutors ability to gather information. (MCSA's Reply at 2). However, the extent of this chilling effect is not explained by the MCSA. Plaintiff, on the other hand, argues that the Magistrate Judge should perform a balancing test taking into consideration the harm of disclosure versus the harm to the Plaintiffs if disclosure is denied. (Pls' Resp. at 2).

After reviewing the case law, the Magistrate Judge finds a balancing test may be unnecessary.

Fed. R. Civ. P 26(b)(3) "limits ... protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." *Hernandez*, 1997 WL 754041, at *2 (*quoting In re California Public Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989); *see also Loustalet v. Refco*, 154 F.R.D 243, 247 (C.D. Cal. 1993)(finding the work-product doctrine does not protect from discovery documents prepared for one who is not a party to the present suit, even if the person may be a party closely related to the lawsuit in which he will be disadvantaged if he must disclose in present suit); *Rickman v. Deer & Co.*, 154 F.R.D. 137, 138 (E.D. Va. 1993)(stating the investigatory report sought by a manufacturer did not fall within scope of discoverable material because the workers' compensation carrier was not a party to the action nor was it a representative); *Hawkins v. South Plains International Truck, Inc.*, 139 F.R.D. 682, 684 (D. Col.1991)("The language of the rule limits protection to one who is a party (or a party's representative) to the litigation in which the discovery is sought."); *Galambus v. Consolidated Freightways Corp.*, 64 F.R.D. 468, 473 (N.D. Ind. 1974)("The work product rule has no application to a document prepared by and in the hands of a third person who is neither a party to nor interested in the action."); 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2024, at 354 ("Documents prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged ... .")

Additionally, as present in this case, many courts have found the work-product privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery by a litigant in a related and subsequent civil lawsuit. *See Hernandez*, 1997 WL 754041, at 2 ("Courts have expressly found the privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil lawsuit ... ."); *Schultz v.*

*Talley*, 152 F.R.D. 181, 184 (W.D. Mo. 1993)(finding the district attorney cannot assert work-product privilege because he is not a party to the present suit); *Doubleday v. Ruh*, 149 F.R.D. 601, 605-06 (E.D. Cal. 1993)(finding that Plaintiff, who sued county for use of excessive force by police officers during arrest, could obtain production of complete prosecutorial file from prior prosecution of her for assault on a police officer. Work-product protection does not apply because the plaintiff in the prosecution was the People of the State of California); *Gomez v. City of Nashua*, 126 F.R.D. 432, 434 n.1 (D.N.H. 1989)(finding because the state was not a party, it could not invoke Rule 26(b)(3) to resist discovery).

It should also be noted that because the underlying criminal case has been closed by the MCSA, there are no concerns with interfering with an ongoing criminal investigation. *Compare Hernandez*, 1997 WL 754041, at *2 (finding because the underlying criminal case has been closed there are no concerns with jeopardizing an ongoing criminal investigation), *Doubleday*, 149 F.R.D. at 607 n.6 (holding the court's decisions is not meant to "encroach on the commonly accepted notion that work product of a sort can apply to *ongoing* criminal litigation."), *with Doe v. Hudgins*, No. 97 C 0106, 1997 WL 592297, at *6 (N.D. Ill. Sept. 23, 1997)("Plaintiffs have pointed to no case, and this Court has found none, where a court ordered disclosure of investigatory files while criminal proceedings were pending.")

As a policy matter, some may feel the conclusion determined by the Magistrate Judge may raise the possibility of one attorney doing all the work while a subsequent attorney reaps the reward. However, because this is a civil case, and the file being sought is from a criminal case, that danger is not present. *See Doubleday*, 149 F.R.D. at 607 ("The potential economic vice of a less diligent attorney raiding the file of a previously diligent attorney is lacking in the context of a former criminal

defendant, now plaintiff, seeking information from criminal files of a previous prosecution.") But the Magistrate Judge wants to make clear that such danger is not present solely because this is a civil case and the discovery sought is from a criminal case.[2]  Therefore, the privilege is inapplicable.  As a result, the MCSA's objection as to all notes, analyses, computer generated criminal history records and memoranda (including the two letters) is denied.

*3. Cost Burden*

Lastly, the MCSA argues that, in terms of police reports and pleadings, the MCSA should not be burdened with the cost and effort to provide Plaintiffs these reports.  (Mot. to Quash at 2).  Specifically, in terms of police reports, the MCSA argues the "State's Attorney's Office is not the repository for police reports and should not be burdened with the cost and effort to provide civil litigants with these reports when they are available from the police agency creating these reports." (*Id.*).  Additionally, with regards to pleadings, the MCSA argues that the case file is a matter of public record in the Circuit Clerk's office and the "State's Attorney should not be burdened with the cost and effort to reproduce these documents for civil litigants." (*Id.*).  The Magistrate Judge agrees as to those police reports and pleading not already in the prosecutorial file.  There is no reason why, if the information is readily available to Plaintiffs, the MCSA should expend cost and effort to assist Plaintiffs.  The MCSA's job is to put criminals in jail.  Thus, the Magistrate Judge agrees with the MCSA objection as to production of police reports and pleadings not already in Mr. Ostrowski's prosecutorial file and hereby grants the Motion to Quash as to those items.  However, the police reports and pleadings already within the prosecutorial file are to be disclosed.

---

[2]The Magistrate Judge notes that if two civil litigations are involved the result would be different due to the potential of unfairness for an attorney in one case to hand over his/her diligent work to an attorney who may not have worked very hard in discovery.

## Conclusion

For the above stated reasons, the MCSA's Motion to Quash Plaintiffs' subpoena is granted in part and denied in part. The MCSA is ordered to turn over to Plaintiffs the entire prosecutorial file of Mr. Ostrowski excluding police reports and pleadings not already in the file. The Magistrate Judge orders the MCSA to disclose all notes, analyses, computer generated criminal history records, memoranda (including the two letters), and communications with complaining witnesses, the police, and defendants within a reasonable time.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 1/21/03